ROBERT G. FERGUSON, executor, *vs.* SOUTH DARTMOUTH CEMETERY ASSOCIATION & others.

Bristol. October 22, 1928. — November 28, 1928.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Devise and Legacy,* Construction of particular phrase.

A testatrix, after making bequests of money and specific articles, in a tenth clause of her will gave to a stepdaughter $2,000, several specifically described articles of furniture, "my Piano and all articles of every kind owned by me which may be in her possession at the time of my death." She kept the bulk of her property, which was in the form of securities, in a safe deposit box, which also contained a gold watch and chain, owned by the stepdaughter, with whom her relations were very close. About two years before making her will, the testatrix had broken up housekeeping and had gone to live with the stepdaughter, sending to her home a load of furniture, which included the piano. Two or three months after making the will, the testatrix gave the stepdaughter one of two keys to her safe deposit box, retaining the other; placed the keys to her trunk in a bag and put it between a mattress and a feather bed in a spare chamber in the stepdaughter's house, and took a key to the chamber, saying to the stepdaughter that she did so "so that in case anything happens to me you have the key in your possession, go to the safe deposit box and take out the things which belong to you." When she left the stepdaughter's house to go to a hospital where she subsequently died, she left certain jewelry on a bureau in the room she had occupied. *Held,* that

(1) A finding that when the testatrix made her will it was her intention to make a completed gift of the furniture in the load delivered to the stepdaughter's home was warranted;

(2) A finding that the stepdaughter at the time of the death of the testatrix was not in possession of the contents of the safe deposit box or of the jewelry was without error in law; and she did not receive them under the provisions of the will.

PETITION, filed on September 3, 1927, in the Probate Court for the county of Bristol by the executor of the will of Sarah J. F. Smith, late of New Bedford, for instructions described in the opinion.

The petition was heard by *Hitch,* J. Material facts are stated in the opinion. By order of the judge, a final decree was entered containing the following:

"Answer to Int. 1. The only specific properties mentioned in the inventory of the estate to which Marion S. Ferguson is entitled, are the specific articles enumerated in answers to interrogatories 2 and 3 as articles to which she is entitled. Of course she is entitled to the $2,000 referred to in paragraph 10 of the will, but not specifically mentioned in the inventory.

"Answer to Int. 2. Marion S. Ferguson is entitled under paragraph 10 of the will to the following chattels therein specifically. given her by name: gold band china tea set, gold frame parlor mirror, mahogany book case and the books contained therein, portraits of Grandfather and Grandmother Smith taken together, picture of four generations, mahogany parlor table and piano; and she is also entitled by virtue of the words 'all articles of every kind owned by me which may be in her possession at the time of my death' to the following articles only: two chairs, old black walnut bed with spring, bureau, commode and cot with mattress, one mattress, two feather beds and pillows, chests, sheets, table linen, blankets, puffs, canes, two large sea shells, one half dozen silver knives, old coins and piano stool. These articles had been sent to her by the testatrix sometime before and were in use by Marion S. Ferguson and in her possession at the time of the death of the testatrix and so passed under said tenth paragraph.

"Answer to Int. 3. The testatrix gave Marion S. Ferguson in her lifetime the old gold watch with the gold chain.

"I find and rule that the bank deposits, checking accounts, stocks, mortgage notes, diamond ring, cameo locket and cameo pin were neither given Marion S. Ferguson by the testatrix in the lifetime of the testatrix, nor were they in the possession of Marion S. Ferguson at the time of the testatrix's death, and she is not entitled thereto."

Marion S. Ferguson appealed.

*D. J. Triggs*, for the respondent Marion S. Ferguson.

*B. B. Barney*, for the respondents Charles L. Tucker and another.

SANDERSON, J. This is a petition by the executor under the will of Sarah J. F. Smith for instructions.

The questions asked are: (1) "To what properties mentioned in the inventory is Marion S. Ferguson entitled?" (2) "What properties mentioned in the inventory pass to Marion S. Ferguson under paragraph 10 of the will?" and (3) "To what properties mentioned in the inventory did Marion S. Ferguson become entitled in the lifetime of the testatrix?"

Marion S. Ferguson is the wife of the executor and step-daughter of the testatrix. After making bequests of money and specific articles, the testatrix provided in the tenth clause as follows: "I give to Marian S. Ferguson of said New Bedford, Two Thousand Dollars ($2,000.), and it is my wish that she will see to it that my lot in the cemetery at South Dartmouth is kept in good condition by the cemetery authorities, I having in this will provided for the expense of such care. I also give to said Marian my Gold-Band China Tea Set, my Gold-Framed Parlor Mirror, my Mahogany Book Case and the Books contained therein, the Portraits of Grandfather and Grandmother Smith taken together, a Picture of Four Generations, my Mahogany Parlor Table, my Piano and all articles of every kind owned by me which may be in her possession at the time of my death." The testatrix kept the bulk of her property, which was in the form of securities, in a safe deposit box, which also contained a gold watch and chain, owned by Marion S. Ferguson, who will be referred to as the claimant.

The judge found that the relations between the claimant and testatrix were very close and continued so until the death of the latter; that the testatrix made the will in question on March 20, 1925, and so informed the claimant on the next day; that two or three months later, the testatrix, who was then staying at the claimant's home, handed her the key to the safe deposit box, saying: "This is the key to my safe deposit box. I will put it with the keys to the trunk in the little bag and place it between the mattress and the feather bed, so that in case anything happens to me you have the key in your possession, go to the safe deposit box and take out the things which belong to you"; that the claimant then gave her the key to the door of the spare chamber in

the claimant's house, and the testatrix, having put the safe deposit box key in the bag, placed it between the mattress and the feather bed in that room, where it remained until her death; that at one time when the claimant was making the bed she looked into the bag and saw the key there; that the testatrix had another key to the deposit box which she thereafter used in going to the box; that no arrangement was made for the claimant to go to the safe deposit box in the lifetime of the testatrix, and she did not go. The judge further found that there was no gift of this property by the testatrix in her lifetime to the claimant, other than the gold watch and chain. After the death of the testatrix the claimant went to the safe deposit box with her husband and took out the contents which he, as executor, included in the inventory of the estate.

The claimant testified that the chamber door was kept locked and that she retained the key to that door. The judge found that when the testatrix went from the claimant's house to the hospital, where she died, she left on the bureau in the room she had been occupying a diamond ring, cameo pin and cameo locket; that there was no intention on her part to give these articles to the claimant; and that they were not in legal contemplation in the possession of the claimant at the time of the death of the testatrix. The claimant does not contend that the testatrix in her lifetime made a gift to her of any of the property or evidences of property in the deposit box, except the gold watch and chain, nor of the jewelry left by the testatrix on the bureau in her house; but she does contend that she was in possession of all of this property and that it all passed to her under the tenth clause of the will.

When the testatrix broke up her home in 1923 she sent a load of furniture to the claimant. The judge of probate found that it did not appear that she made a completed gift of these articles at that time. We cannot say that this finding was wrong. It was for him to determine what weight should be given to the testimony of witnesses whom he saw and heard. The claimant testified that a piano was part of this load. The finding was also made that later, when the

testatrix made her will, it was her intention, as shown by the words "my Piano and all articles of every kind owned by me which may be in her possession at the time of my death" in the tenth clause, to make a completed gift to her of those articles. The fact that the piano was a part of that load of furniture and is also named in this clause of the will lends some support to the finding made.

In the clauses preceding the tenth, the testatrix made several bequests of money, and in the tenth an additional bequest of money to the claimant. If the claimant's contentions were maintained, all these legacies would fail. It is improbable that the testatrix intended by the words used in the tenth clause to accomplish that result.

The testatrix, by what she did with the key, did not relinquish possession and control of the safe deposit box. In the conclusion of the judge of probate — that the claimant was not in possession of the contents of the box at the time of death of the testatrix — we discover no error of law. There is nothing in the will or in her conduct to indicate an intention that the claimant should have possession of the jewelry left by the testatrix on the bureau in the claimant's house before she went to the hospital, where she died; nor to show that she intended it to pass to the claimant under the will.

*Decree affirmed.*